Eüwards, Ch. J.
delivered the following opinion of the court :* — The plaintiff claims under the verbal gift by Rollins to his wife, then in possession. Ifhisclainj, so derived, is invalid, no other question need be stirred ; since possession is protection in detinue, against all the world, except the right owner ; not that former posses* sion will maintain the action against all except the right owner, as was contended.
By the act of assembly, passed in Virginia, in 1758, entitled “ An act to prevent the fraudulent gift of slaves,” parol gifts were void, and no estate in slaves could pass but by deed or will, in writing, &c. It has been contended, that the act did not extend to gifts accompanied by possession in the donee. But to limit the general words of enaction in the statute, by the recital in a preamble, of some of the most prominent mischiefs, cannot be warranted by the rules of exposition. The ceremony by which slaves should be transmitted from one to another, had been under the consideration of the legislature, from time to time, from the year 1705, and the difference between gifts executed and executory, was not overlooked ; but in that act itself, was evidently in the contemplation of the legislature; as appears by the second section, providing for former parol gifts, executed and accompanied by five years possession ; and the third section, which provides for recording verbal gifts, in certain cases, theretofore made. With the subject thus before the legislature, we cannot presume, in an act providing for the record, and confirmation by possession, of antecedent gifts ; the legislature meant to exclude, out of the general enaction, “ that after the passing of this act, no gift of any slave or slaves shall be good or sufficient to pass any estate,” &c. the cases of gifts, accompanied by possession of the donee ; especially, when we find the clause proceeds, “ unless the same be mae^e by will, duly proved and recorded, or by deed in writing, to be proved by two witnesses at least, or acknowledged by the donor, and recorded, &c. within eight months after the date of such deed or writing.” With these enac-tions,and the other sections of the act, before us, how can we say the legislature forgot to insert this further exception, “ or unless the possession of said slave or slaves shallbe with the donee,” &c. and that we will supply the ©mission.
*336 Possession is -one of the evidences of gift, or of pfd-Perty > and, indeed, a tolerable persuasive evidenced Deeds and wills are also but evidences of transfer; more conclusive, however, and less liable to fraud, secrecy, and misconstruction, than possession or parol transfers. The legislature selected the higher and more conclusive evidence ; we cannot supply, by intendment, the weaker and more uncertain;
This construction gave rise to the act of 1785, sus-pendedinits operation until the first day of January 1787. That act being prospective only, cannot operate upon this case.
The proposition, that all gifts accompanied by possession of the donee, were out of the mischiefs intended to be guarded against, cannot be admitted. The mischief was, the secret transfer of property, by matters in pais; which could take place privately, in the bosom of a family, and before a witness or witnesses, who being known only to the donor and donee, could be brought forth or held back, as the claim of a creditor or purchaser, of donor or donee, might require, so as to defeat the one or the other. The remedy proposed, was to require a more Solemn, public, and notorious.evidence of transfer ; thereby giving the property in slaves, a more permanent and less volatile composition, so as to be more accessible to persons, other than the donor and donee. In the act of 1787, when the attention of the legislature was again called to the subject, they did not choose that possession alone, without regard to the length of that possession, should supplv the place (as to creditors and purchasers) of the evidence required by the act of 1758.
We were, at first, strongly inclined to the construction of the act, as contended for by the appellant; but upon looking into the act itself, we were obliged to give up first impressions ; and upon a view of the different acts in pa-ri materia, we have no hesitation in saying, the construction of the act of 1758, as given to it by the court of appeals of Virginia, in the case of Turner vs. Turner, reported by Washington is correct.
Whether the possession of the widow Sullingsr, and of Gaunt, after marriage, was under old Mr. Rollins in his lifetime, and under his will, after his death ; or whether the defendant hath title in right of his wife, or a-gainstall the world; is not for us to say, judicially, in this *337 0-' O O S ¾⅜ •s g fco ⅞- 0 , ⅜-rK M, & o 0 5⅛ sr,;

 The Chief Jvstick difiented from this decifion.